# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILHY HARPO and DAVIOUN COLLIER,<br><br>Plaintiffs,<br><br>v.<br><br>THE CONNOR GROUP, LLC. d/b/a 1600 Peachtree Apartments, et al.,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:19-CV-01130-WMR |

## ORDER

This case comes before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2) and on Plaintiffs' Motion for Reconsideration of their Motion to proceed in forma pauperis [Doc. 5]. The Court notes that the Magistrate Judge granted Plaintiffs *in forma pauperis* status for the purpose of allowing this Court to make a frivolity determination. [Doc. 2]. After a thorough review of the Complaint, the Court finds and rules as follows.

## I.  LEGAL STANDARD

28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of

judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the Court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "seeks to enforce a right that clearly does not exist." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted); *see Neitzke*, 490 U.S. at 327.

Claims premised on allegations that are "fanciful" or "fantastic" are subject to dismissal for frivolity. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 325). In the context of a frivolity determination, the Court's authority to "'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton,* 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 325).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H&S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 680-685 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). While the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "'naked assertion[s]' devoid of

'further factual enhancement'" do not suffice. *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

The Court recognizes that Plaintiffs are appearing *pro se*. Thus, the Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), cert. denied, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. BACKGROUND

Plaintiffs allege a series of claims arising out of their eviction from Plaintiff Harpo's apartment, owned and operated by Defendant The Connor Group, LLC ("Conner"). Plaintiff Collier lived at the apartment as a guest of Plaintiff Harpo.

According to the Complaint, on or about October 10, 2017, Defendant Connor initiated a dispossessory action in the Magistrate Court of Fulton County. [Doc. 3, at p. 5 ¶ 3]. Plaintiffs further allege that, after the dispossessory action was filed, Conner trespassed in their apartment and removed or displaced their personal

4

property. [Doc. 3, at pp. 5-6 ¶¶ 4-5]. On January 25, 2018, Connor obtained a writ of possession, and Plaintiffs were subsequently evicted from the apartment. [Doc. 3, at p. 6 ¶ 6]. In their Complaint, Plaintiffs assert various state law claims, including trespass, wrongful eviction, criminal damage to personal property, and criminal theft of personal property. [Doc. 3, at pp. 15-16 ¶¶ 103-110 (Claims K-N)].

Plaintiff Harpo also alleges that in March 2018, approximately two months after the writ of possession was issued, he was denied his constitutional right of access to the courts when the Magistrate Court Clerk's Office prevented him from filing defensive pleadings in the dispossessory action. [Doc. 3, at pp. 11-12 ¶ 38]. Harpo further alleges that on April 4, 2018, a Fulton County Sheriff's deputy told Harpo that he could not visit or otherwise interact with anyone in the Clerk's Office or judges' chambers at the courthouse. [Doc. 3, at p. 11 ¶ 34-35].

## II. ANALYSIS

Plaintiffs have filed this lawsuit against Conner (the former landlord), the Fulton County Magistrate Court, the Fulton County Magistrate Court Clerk, and the Marshall of Fulton County. [Doc. 3]. Plaintiffs assert 17 causes of action in their Complaint, the overwhelming majority of which are state law claims. Thus, to proceed in this Court, there must be a claim for which the Court has original jurisdiction.

1. Diversity Jurisdiction

Under 28 U.S.C. § 1332, district courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 *and* the action is between citizens of different states. Here, Plaintiffs and Defendants are all citizens of Georgia. Therefore, there is no diversity jurisdiction in this case.

2. Federal Question Jurisdiction

A federal question creates original jurisdiction if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, federal question jurisdiction can be based on an action asserting a constitutional violation. *See Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). Of the 17 claims asserted in the Complaint, only two involve constitutional violations: denial of access to courts[1] and breach of privacy.[2] Therefore, this Court would have original jurisdiction over Claims A and D of the Complaint.

Before the Court addresses the remainder of the claims under supplemental jurisdiction, the Court will review the frivolity of claims A and D. The Court may decline supplemental jurisdiction on the remaining claims if the Court dismisses all

---

[1] *Chappell v. Rich*, 340 F.3d 1279, 1282 (2003) (noting "access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth, and/or the Fourteenth Amendment.").
[2] *See Griswold v. Connecticut*, 381 U.S. 479, 488-489 (1965) (stating that privacy is a constitutional issue, and although it is not expressly mentioned in the Constitution, it is "essential to the exercise of other rights guaranteed by it").

claims for which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

3. <u>Frivolity review of Claim A</u>

The right of access to courts in its most formal demonstration protects the freedom to physically enter a courthouse. Without this right, justice would ring hollow. *Chambers v. Baltimore & Ohio R.R.*, 207 U.S. 142, 148 (1907). Preventing citizens from entering public areas and courthouses violates established law. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (noting that citizens have a constitutionally protected interest entering lands open to the public); *see also Tennessee v. Lane*, 541 U.S. 549, 510 (2004) (stating that citizens possess the fundamental right of court access).

In the Complaint, Plaintiffs assert only two sets of facts in support of the access to courts claim (Claim A). First, Plaintiff Harpo asserts that in March 2018, a deputy clerk in the Magistrate Court Clerk's Office prevented him from filing certain "defensive pleadings" in the dispossessory action. [Doc. 3, at pp. 11-12 ¶ 37]. However, the facts asserted in the Complaint indicate that the dispossessory action had concluded and that a writ of possession had been issued against him in January 2018, approximately two months earlier. As the case was closed and the 30-day period in which to file an appeal had expired, the fact that Harpo may have been

prevented from filing "defensive pleadings" in the case is of no consequence. Under these facts, Plaintiff's assertion does not rise to level of a constitutional deprivation of the right of access to court.

Second, Plaintiff Harpo asserts that on April 4, 2018, a Fulton County Sheriff's deputy advised him that the Superior Court of Fulton County had issued an "injunction order" which prohibited Harpo from physically visiting or otherwise interacting with anyone in the Clerk's Office or judges' chambers. [Doc. 3, at p. 11 ¶¶ 34-36]. However, Plaintiffs have failed to set forth any facts in the Complaint to demonstrate how any of the *named* Defendants were involved in this claim.

For the above reasons, Plaintiff's access to courts claim (Claim A) is DISMISSED as frivolous for failure to state a claim upon which relief may be granted.

4. Frivolity review of Claim D

In regard to the breach of privacy claim, the Complain fails to allege any facts that could conceivably demonstrate any privacy that Defendants may have breached, even when liberally construed. Accordingly, Plaintiff's right to privacy claim (Claim B) is DISMISSED as frivolous for failure to state a claim upon which relief may be granted.

5. Claims B, D, E, F, H, I, J, K, L, M, N, O, P, Q, and R [3]

As the Court is dismissing the claims (Claims A and D) for which it has original jurisdiction, the Court shall decline supplemental jurisdiction on the remaining claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint [Doc. 3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), and that Plaintiffs' Motion for Reconsideration of their Motion to proceed in forma pauperis [Doc. 5] is **DENIED** as moot. The Clerk of Court is directed to close this case.

IT IS SO ORDERED, this 9th day of September, 2019.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[3] There is no Claim G set forth in the Complaint.